IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMBROSE S. FERNANDEZ, JR., )<br>)<br>      Plaintiff,      )<br>)<br>V.                           )<br>)<br>DIRECTOR CLAYTON FRANK,  )<br>DEPARTMENT OF PUBLIC SAFETY, )<br>INSPECTOR NINO,            )<br>STATE SHERIFF PAUL McINTIRE, )<br>DOES 1-10,               )<br>)<br>      Defendants.     )<br>_____)  | CIVIL NO. 10-00573 SOM/BMK<br><br>ORDER DENYING PLAINTIFF'S<br>REQUEST FOR SUMMARY JUDGMENT<br>IN LIEU OF JURY TRIAL (ECF<br>No. 17) |

ORDER DENYING PLAINTIFF'S REQUEST FOR
SUMMARY JUDGMENT IN LIEU OF JURY TRIAL (ECF No. 17)

I.       INTRODUCTION.

On October 4, 2010, pro se Plaintiff Ambrose S. Fernandez, Jr. ("Fernandez") filed his Complaint, alleging retaliation and discrimination. See Compl., ECF No. 1. On January 6, 2011, Fernandez filed a "Request for Summary Judgment 59 in Lieu of Jury Trial". See ECF No. 17. This court construes the motion labeled as a Rule 59 motion under the Federal Rules of Civil Procedure as a Rule 56 summary judgment motion. The court denies Fernandez's request for summary judgment because he fails to carry his burden of proof.

II.      BACKGROUND FACTS.

While unclear from the Complaint, it appears that starting on or about August 25, 2010, Fernandez would visit the Hawaii State Supreme Court building. See Compl. ¶ 7. For about

a month, Fernandez entered the building through the main entrance of the public accommodation security checkpoint.  <u>See</u> Compl. ¶ 10.  Fernandez alleges that the officers on duty touched his body instead of using a metal wand detector.  <u>See</u> Compl. ¶ 9.  He claims to have informed officers not to touch his body, but they continued to inspect him in this manner.  <u>See</u> Compl. ¶ 8.  Fernandez allegedly experienced "great distress and strain because of public entity retaliation."  <u>See</u> ECF No. 1, Ex. A.

Fernandez has a cardiac defibrillator designed to prevent sudden cardiac arrest.  <u>See</u> Compl. ¶¶ 3, 12.  Fernandez alleges that his defibrillator has moved an inch because of the officers' body contact.  <u>See</u> Compl. ¶ 8.  Fernandez alleges that the officers' actions are a "pattern of discrimination and complete disregard of the human body."  Compl. ¶ 10.  In his Complaint, Fernandez alleges violation of the American with Disabilities Act ("ADA") and the American with Disability Act Accessibility Guidance ("ADAAG").  <u>See</u> Compl. ¶ 5.  Fernandez also alleges violations of Hawaii Revised Statutes §§ 103-50, 103-50.5, and 347.13.  <u>Id.</u>

III.    <u>ANALYSIS.</u>

Fernandez fails to meet his burden of proof under a Rule 56 summary judgment motion.  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  <u>Nissan Fire &</u>

2

Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987. "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987.

Here, Fernandez does not identify materials on file that demonstrate the absence of a genuine issue of material fact. Fernandez fails to demonstrate entitlement to judgment as a matter of law. He does not state what provisions of the ADA or ADAAG are violated or how they are violated. Fernandez also does not explain how Defendants violated Hawaii Revised Statutes §§ 103-50, 103-50.5, and 347.13. Accordingly, he is not entitled to judgment as a matter of law.

IV.     CONCLUSION.

For the foregoing reasons, this court denies Fernandez's request for summary judgment, but this order does not preclude a properly supported motion in the future, provided it is timely filed.

3

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 7, 2011



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Fernandez v. Frank, et al., Civ. No. 10-00573 SOM/BMK; ORDER DENYING PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT IN LIEU OF JURY TRIAL (ECF No. 17).