IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMBROSE S. FERNANDEZ, JR., ) | CIVIL NO. 10-00573 SOM/BMK |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART STATE |
| V. ) | DEFENDANTS' MOTION FOR |
| ) | JUDGMENT ON THE PLEADINGS |
| DIRECTOR CLAYTON FRANK, ) | (ECF No. 35); ORDER DENYING |
| DEPARTMENT OF PUBLIC SAFETY, ) | PLAINTIFFS' MOTION FOR |
| INSPECTOR NINO, ) | SUMMARY JUDGMENT (ECF No. 37) |
| STATE SHERIFF PAUL McINTIRE, ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER GRANTING IN PART AND DENYING IN PART STATE DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 35); ORDER DENYING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF No. 37)

I.      INTRODUCTION.

On October 4, 2010, Plaintiff Ambrose S. Fernandez, Jr., filed a Complaint pro se. See ECF No. 1. The Complaint mentions negligence in passing. Id. at 3. It then asserts violations of the Americans With Disabilities Act ("ADA") and its state law counterpart, claiming public accommodation discrimination based on unidentified "architecture barriers," id. ¶ 5, retaliation, id. ¶ 12, and discrimination based on Fernandez's disability. Id. ¶¶ 7-11.

On July 28, 2011, Defendants Clayton Frank and Paul McIntire, filed a motion for judgment on the pleadings, arguing that the Complaint fails to sufficiently allege claims. This court agrees in part and grants the motion in part. To the

extent the Complaint mentions negligence and architectural barrier discrimination, it fails to support any such claims with factual assertions. Accordingly, those claims are dismissed with leave to amend. However, to the extent the Complaint alleges public accommodation discrimination based on Defendants' alleged refusal to accommodate Fernandez's medical condition when Fernandez attempted to pass through security at the Hawaii Supreme Court building, and to the extent Defendants allegedly retaliated against Fernandez by kicking him out of the building, the Complaint sufficiently alleges facts supporting his claims, and the motion is denied.

On August 26, 2011, Fernandez filed a motion for summary judgment. Because Fernandez fails to establish that he is entitled to judgment as a matter of law, that motion is denied.

II.     BACKGROUND FACTS.

The Complaint is not a picture of clarity. The court gleans from it that, starting on or about August 25, 2010, Fernandez visited the Hawaii State Supreme Court building. See Compl. ¶¶ 7-9. To enter the building, Fernandez had to pass through a security checkpoint. See Compl. ¶ 10. Fernandez appears to have a heart condition that he claims is a qualified disability for purposes of the ADA. See ECF No. 1, Ex. A. Fernandez alleges that the security officers on duty touched his

body instead of using a metal wand detector.  See Compl. ¶ 9.  He claims that he told the security officers not to touch him, but that they continued to do so.  See Compl. ¶ 8.  Fernandez allegedly experienced "great distress and strain because of public entity retaliation."  See ECF No. 1, Ex. A.  Fernandez says he has a cardiac defibrillator designed to prevent sudden cardiac arrest.  See Compl. ¶ 12.  Fernandez alleges that his defibrillator has moved an inch because of the officers' body contact.  See Compl. ¶ 8.

III.    ANALYSIS.

   A.   Judgment on the Pleadings.

Rule 12(c) states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  The standard governing a Rule 12© motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion.  United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false.  See Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  A court evaluating a Rule 12© motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party.  Fleming v. Pickard, 581 F.3d

3

922, 925 (9th Cir. 2009). "Judgment on the pleadings under Rule 12© is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937 n.1 (9th Cir. May 27, 2011).

Generally, when matters outside the pleadings are considered, a motion for judgment on the pleadings must be considered as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(d). Courts have held, however, that, when adjudicating a Rule 12© motion, courts may consider matters subject to judicial notice without converting the motion to one for summary judgment. See Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that are contained in materials of which the court may take judicial notice." (quotations omitted)); accord Lacondeguy v. Adapa, 2011 WL 9572, *2 (E.D. Cal. Jan. 3, 2011); Williams v. City of Antioch, 2010 WL 3632199, *2 (N.D. Cal. Sept. 2, 2010).

Defendants' motion for judgment on the pleadings contends that Fernandez's Complaint fails to sufficiently allege facts supporting the causes of action. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Fernandez was required to set

4

forth in his Complaint "a short and plain statement of the claim[s] showing that [he] is entitled to relief." Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). While a complaint does not need detailed factual allegations, it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

To the extent the Complaint mentions negligence and architectural barriers in violation of the ADA or section 103-50 of the Hawaii Revised Statutes, it fails to allege facts supporting those claims. Those claims are therefore not properly pled, and Defendants' motion is granted with respect to those

5

claims.  The court, however, grants Fernandez leave to file an Amended Complaint that reasserts those claims and includes factual allegations supporting those claims.

Defendants' motion is denied with respect to Fernandez's public accommodation and retaliation claims.  The ADA was enacted in 1990 to remedy widespread discrimination against disabled individuals.  PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001).  To effectuate this sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, including employment (Title I, 42 U.S.C. §§ 12111-12117), public entities (Title II, 42 U.S.C. §§ 12131-12165), and public accommodations (Title III, 42 U.S.C. §§ 12181-12189).  Id. Fernandez is claiming a public accommodation violation of 42 U.S.C. § 12182, which provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  He is also claiming a violation of section 347-13 of the Hawaii Revised Statutes, which states:

> (a) Persons who are blind, visually handicapped, or otherwise disabled are entitled to full and equal accommodations, advantages, facilities, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, street cars, boats, or any other public conveyances or

>           modes of transportation, hotels, lodging
>           places, places of public accommodation,
>           amusement, or resort, and other places to
>           which the general public is invited, subject
>           only to the conditions and limitations
>           established by law and applicable to all
>           persons.

Fernandez's Complaint can be construed as alleging that he has a heart condition and that he was discriminated against on the basis of his disability when security guards refused to "wand" him and instead patted him down. Based on these facts, Fernandez' Complaint can be construed as asserting that he was denied "the full and equal enjoyment of" the Hawaii Supreme Court building, including its library. These factual allegations sufficiently support claims under § 12182(a) and section 347-13(a) of the Hawaii Revised Statutes. Accordingly, Defendants' motion is denied with respect to those claims. This, of course, does not mean that Fernandez has a valid or successful claim, only that Defendants have not established that the Complaint lacks factual allegations sufficient to support his claims.

Fernandez also appears to assert a claim under 42 U.S.C. § 12203(a), which states: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." After alleging that he asked to be "wanded" because of

7

his heart condition--a purported exercise of ADA rights, Fernandez alleges that Mark Skrimstad and Defendant Paul McIntire retaliated against him by kicking him out of the building. Because this court concludes in the preceding paragraph of the present order that Fernandez sufficiently alleges an ADA violation, his allegations of retaliation resulting from what he says were his complaints about that violation state an ADA retaliation claim. Defendants' motion is therefore denied with respect to the retaliation claim. Again, the court is not here ruling that such a claim is viable, only that there are sufficient factual allegations in the Complaint to support a retaliation claim.

      B.    <u>Summary Judgment.</u>

Fernandez fails to meet his burden on a Rule 56 summary judgment motion. A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (citing <u>Celotex Corp.</u>, 477 U.S. at 323); <u>accord</u> <u>Miller</u>, 454 F.3d at 987. "A fact is material if it could affect the outcome of

the suit under the governing substantive law." Miller, 454 F.3d at 987.

Most of Fernandez's motion pertains to claims that are not sufficiently asserted in the Complaint, for example, accessible parking stalls and "path of travel." With respect to the remaining claims, Fernandez does not sufficiently identify materials on file that demonstrate the absence of a genuine issue of material fact and therefore fails to demonstrate entitlement to judgment as a matter of law. Accordingly, Fernandez's motion for summary judgment is denied.

IV.     CONCLUSION.

Except with respect to the claims based on Defendants' alleged failure to "wand" Fernandez at the Hawaii Supreme Court security checkpoint, allegedly in violation of § 12182(a) and section 347-13(a) of the Hawaii Revised Statutes, and the ADA retaliation claims, Defendants' motion for judgment on the pleadings is granted. Fernandez is given leave to file an Amended Complaint reasserting the § 1281(a) and section 347-13(a) claims and the ADA retaliation claims, as well as new or revised claims based on other laws or theories, no later than November 3, 2011.

Fernandez's motion for summary judgment is denied for the reasons set forth above.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 4, 2011.



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Fernandez v. Frank, et al., Civ. No. 10-00573 SOM/BMK; ORDER GRANTING IN PART AND DENYING IN PART STATE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 35); ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF No. 37)

10